WALTER H. OWEN AND EDNA M. OWEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owen v. Commissioner
Docket No. 2791-79.
United States Tax Court
T.C. Memo 1982-181; 1982 Tax Ct. Memo LEXIS 564; 43 T.C.M. (CCH) 1022; T.C.M. (RIA) 82181; April 8, 1982. *564 Petitioner, an over-the-road truck driver, estimated his expenditures for meals purchased while on business travel during 1976. Held, petitioner's maintenance of a daily log-book which did not itemize meal expenses fails to meet the substantiation requirements of section 274(d). Irving Shaw, for the petitioners. Stuart D. Gibson, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND *565 OPINION IRWIN, Judge: Respondent determined a deficiency of $ 702.00 in petitioners' Federal income tax for 1976. The issue for decision is whether the deduction of estimated meal expenses incurred while on business travel satisfies the substantiation requirements of section 274(d). [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. The petitioners resided in St. Paul, Minnesota, at the time they filed their petition in this proceeding. Petitioners filed a joint Federal income tax return for the 1976 tax year. During 1976, petitioner [2] was employed as an over-the-road truck driver by International Multifoods Corporation. He was away from home for 304 days during that year traveling between the Twin Cities and various cities on the east coast. *566 Petitioner kept a daily log-book for 1976 as required by the Interstate Commerce Commission. For each 24-hour period on the road, the log-book chronicled the petitioner's destination, and the amount of time spent (1) driving, (2) on duty but not driving, (3) in the sleeper berth and (4) off duty. The log-book does not provide a record of meal expenses. Mr. Owen computed his traveling expenses by estimating his meal and tip expenses [3] at $ 18.50 per day for the 304 days spent traveling during the year. On his Federal income tax return for 1976, petitioner deducted the product of $ 5,624 as an employee business expense. In the statutory notice of deficiency, mailed to petitioner on December 1, 1978, respondent allowed $ 9 per day [4] in meal expenses for a total of $ 2,736 and disallowed the remainder. OPINION Section 162(a)(2) [5] provides statutory authority for the deduction of ordinary and necessary business expenses including the cost of meals purchased while traveling. *567 Section 274(d), however, conditions the application of that general rule to certain business expenses on their adequate substantiation. Subsection (d) provides in relevant part that no deduction shall be allowed under section 162 for any traveling expense, including meals and lodging while away from home, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (1) the amount of the expense, (2) the time and place of the travel, and (3) the business purpose of the expense. Section 1.274-5(c)(2), Income Tax Regs., defines the statutory term "adequate records" as an account book, diary, statement of expense or similar record and documentary evidence [6] which, in combination, are sufficient *568 to establish each element of an expenditure. The account book or other record must be prepared or maintained in such manner that each recording of an expenditure is made at or near the time of the expenditure. Petitioner has produced neither an account book or similar record of the exact amounts spent for particular meals nor an aggregation of the daily cost of meals. [7]
Petitioner's log-book does not fulfill the requirements of the regulations. [8] Although the log-book does evidence the business purpose of petitioner's trips it does not specify the time, place and amount of the meal expenditures as required for adequate substantiation. Section 1.274-5(b)(2), Income Tax Regs.
*569 Even if adequate records are not kept, petitioner can satisfy the substantiation requirements of section 274(d) by producing sufficient evidence corroborating his own testimony. In order to satisfy this alternate test, the petitioner must establish each missing element (1) by his own statement, written or oral, containing specific information in detail as to such element and (2) by other corroborative evidence sufficient to establish such element. The corroborative evidence necessary to establish the cost, time, place, or date of an expenditure must be direct evidence such as written or oral statements of witnesses familiar with the missing elements. Section 1.274-5(c)(3), Income Tax Regs.
Although Mr. Owen is able to estimate his various meal expenditures for any particular day during 1976 by referring to his log-book and recollecting his location and the usual restaurants he frequented, such an estimate does not meet the strict requirements of the statute. Quite understandably the necessary corroborative evidence of witnesses is also unavailable. Thus, the petitioner is unable to meet this test as well. Respondent has administratively allowed petitioner a $ 9 per day deduction *570 for meals purchased during the 304 days on business travel in 1976 even though there has been no substantiation of these claimed expenses. Petitioner bears the burden of proving that the respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
We found petitioner's testimony frank and forthright and are convinced that he incurred expenditures for meals. However, regardless of the reasonableness of the estimate, we are precluded from permitting a deduction for business traveling expenses absent compliance with the stringent substantiation requirements of section 274(d). Our review of the record compels us to conclude that petitioner has not met those requirements. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Inasmuch as Edna M. Owen is a party to this proceeding solely because she signed a joint tax return with her husband, we will hereinafter refer to Walter H. Owen as the petitioner.↩
3. Mr. Owen was reimbursed for lodging expenses. ↩
4. This amount was administratively allowed by respondent even though petitioner was unable to produce receipts for any of the claimed meal expenses.↩
5. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.↩
6. Documentary evidence such as receipts or paid bills is required for any lodging expenditure and generally for any other expenditure of $ 25 or more, if readily available. Section 1.274-5(c)(2)(iii), Income Tax Regs.↩
7. While the general rule is that each expenditure must be separately recorded, the regulations do permit the aggregation of the daily costs of meals. Section 1.274-5(b)(2)(i), Income Tax Regs.↩
8. This Court has consistently held that such log-books do not fulfill the substantiation requirements of section 274(d). Henson v. Commissioner,T.C. Memo. 1980-140; Reynolds v. Commissioner,T.C. Memo. 1979-190; Henson v. Commissioner,T.C. Memo. 1979-110; Byars v. Commissioner,T.C. Memo. 1978-467↩.